## J. L. MOTT IRON-WORKS *v.* SKIRM and others.

*(Circuit Court, D. New Jersey.  March 31, 1887.)*

PATENTS FOR INVENTIONS—NOVELTY—MECHANICAL SKILL.

Letters patent No. 302,666, issued July 29, 1884, to the complainant as assignees of Samuel G. McFarland, for an "improved water-closet basin," *held* void for want of invention, as nothing more than a combination of parts that were in use in other water-closets prior to the date of complainant's patent, involving mechanical skill only.

In Equity.  Bill for infringement of letters patent.

*Francis Forbes*, for complainant.

*Browne, Witter & Kenyon*, for defendants.

WALES, J.  This is a suit for the infringement of letters patent, No. 302,666, issued July 29, 1884, to the complainant, as assignees of Samuel G. McFarland.  The claim of the inventor is for "a water-closet basin, having a concave bottom, a tubular rim and openings for the flushing water, a single central connection at the back for the water supply pipe, a vertical discharge pipe, with a closed rounding upper end at the back of the closet, and below the water supply pipe, and a short tube passing off at one side of and near the upper end of the discharge pipe, so as to receive the ventilating pipe and be clear of the water supply pipe."  The defense is want of novelty.

It is quite clear from the proofs that McFarland did nothing more than make a combination or aggregation of parts that were in use in other water-closets prior to the date of the complainant's patent.  Rowley, Morgan, Bostel, and others had preceded him in the invention of one or other of the essential features and elements which he has brought together.  He has placed in juxtaposition the English flushing rim, the Demorest supply connection, and the Brighton (Bostel) bowl; the only departure from what had been in use before being the change in the location of the ventilating pipe.  But this change can hardly be claimed as an invention.  It seems to have been the result of mechanical judgment and skill only, whereby the location of one part has been changed so as not to be in the way of another, neither of which was a novelty.  The single central connection at the back of the McFarland closet was not new, neither was the ventilating tube; but in adopting the central water supply pipe, in order to avoid infringing the Brighton patent, which calls for a double supply pipe, he discovered that this central pipe might be in the way of the ventilating pipe, which hitherto had been on the top of the discharge pipe, and so he merely moved the ventilating tube to one side of the discharge pipe, and thus got it out of the way.  Surely, this cannot be considered such an exercise of the inventive faculty as to merit or entitle it to the protection of a patent.  McFarland appears to have selected from various patents of water-closets such parts as he thought to be most desirable, and so produced what may be a superior contrivance of that sort; but he has not produced a

new or different result from any that had been obtained before, or an old result in a better way. There is nothing which is distinctively new in the whole, or ·in any of the parts, in function or effect, in the complainant's patent, and it must therefore be held to be invalid.